**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROGER LEE BAKER )<br>)<br>      Plaintiff, )<br>)<br>      v. )<br>)<br>N.P.F. LIQUORS, INC., )<br>)<br>      Defendant. ) | No. 08 C 3494 |

**MEMORANDUM OPINION**

Before the court are plaintiff's Motion to Order the Payment of Statutory Damages, Costs and Attorneys Fees Under 15 U.S.C. 1681n (hereinafter "Pl. Mot.") and plaintiff's oral motion for additional fees incurred after December 30, 2008. We deny both motions for the reasons explained below.

**BACKGROUND**

Plaintiff Roger Lee Baker has moved to compel the defendant N.P.F. Liquors, Inc. to pay statutory damages, costs and attorney's fees to plaintiff pursuant to 15 U.S.C. 1681n. (See Pl. Mot. at 4.) Defendant contends that we lack jurisdiction to review the motion in light of our earlier ruling and, in the alternative, argues that the motion should be denied on its merits. On December 30, 2008, we ruled that defendant's $10,000 settlement offer mooted the Baker's claim pursuant to Holstein v. City of Chicago, 29 F.3d 1145 (7th Cir. 1994) and Greisz v. Household Bank (Illinois), N.A.,

176 F.3d 1012 (7th Cir. 1999). Specifically, we concluded that $10,000 was sufficient to satisfy punitive damages, statutory damages *and* reasonable attorney's fees and costs. That conclusion was based on our own assessment of plaintiff's claim and on the fact that plaintiff did not object that $10,000 was insufficient despite having several opportunities to do so. (Mem. Op. at 11-13.) Baker has not challenged that ruling, either with respect to damages or fees. Instead, he argues that we should not have declared the case moot before defendant actually paid him the settlement amount. (Pl. Mot. at 3.) He also requests attorney's fees for services incurred *after* defendant made its settlement offer. (See Supp. to Pl. Mot. (itemizing $31,387.50 in fees for the period from July 18, 2008, the day after defendant made its settlement offer, up to and including November 3, 2008).)[1] Baker has not identified the legal basis for his current motion, which was filed more than 10 days after we entered judgment. Cf. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no more than 10 days after entry of the judgment."). This leaves Rule 60(b), although it is questionable whether our purported error is grounds for relief under that Rule. See Gleash v. Yuswak, 308 F.3d 758, 761 (7th Cir. 2002) ("[L]egal error is not a proper ground for relief under Rule 60(b)."). On the other hand, Baker

---

[1] At a hearing on plaintiff's present motion, plaintiff's counsel requested another $6,975 for fees incurred after we entered judgment.

correctly points out that we did not mention "actual payment" in our order, so perhaps Baker believes that our omission was "inadverten[t]." See Fed. R. Civ. P. 60(b)(1). Defendant's attorney's statements at the hearing on plaintiff's motion suggest that defendant may have a similar impression. With that possibility in mind, we will discuss the merits of Baker's motion.

Baker relies almost exclusively on Susman v. Lincoln American Corp., 557 F.Supp. 299 (N.D. Ill. 1983), a district court case pre-dating Holstein and Greisz. In Susman, the court affirmed its authority to condition its mootness ruling on the defendant actually paying the amount it had offered to settle the case. 557 F.Supp. at 300. We did not impose such a condition, explicitly or implicitly. The Susman court was concerned about defendants making insincere settlement offers only to renege after the court dismissed the plaintiff's case as moot. 557 F.Supp. at 301. It dealt with this problem by "forcing Susman's acceptance of the offer as a matter of law" — even though he had in fact rejected it — and imposing a corresponding obligation on the defendant to uphold its end of the bargain. Id. Although the court believed that this result was required by the mootness doctrine, other courts adopting this approach view it as a matter of equity. See, e.g., Dellarussiani v. Ed Donnelly Enterprises, Inc., No. 2:07-CV-00253, 2007 WL 3025340, *7 (S.D. Ohio Oct. 15, 2007) ("[C]ompelling a plaintiff to accept a defendant's offer of

judgment also discourages attorneys from needlessly amassing fees while better protecting plaintiffs who may not have been consulted prior to their counsel's rejection of the defendant's offer."). Our Court of Appeals, on the other hand, has signaled that it will not relieve plaintiffs from the consequences of rejecting complete settlement offers. See Greisz, 176 F.3d at 1015 ("[B]y spurning the defendant's offer, Longo shot both himself and his client in the foot. He lost his claim to attorney's fees by turning down the defendant's offer to pay them, and Greisz lost $1,200."); Rand v. Monsanto, Co., 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake."); see also Dellarussiani, 2007 WL 3025340, *7 (compelling the plaintiff to accept the defendant's offer, and entering judgment in that amount, while observing that Greisz and Rand would require a different result). Even applying Susman, the amount defendant offered would be the most that plaintiff would be entitled to recover. See Susman, 557 F.Supp. at 302 (requiring the defendant to honor its original offer, which included "taxable costs" through the date of the offer); see also Letter dated July 17, 2008, attached as Ex. A to Pl.'s Resp. to Def.'s Mot. to Reconsider (offering the plaintiff $10,000, including fees and costs incurred through the date of the offer).

Baker's counsel indicated at our last hearing that defendant had delivered a check for $10,000 to plaintiff. This was the best possible outcome for Baker on these facts. His written motion for additional or different relief, and his oral request for fees incurred after December 30, 2008, are denied.

## **CONCLUSION**

Plaintiff's motion to order payment (40), and plaintiff's oral motion for additional attorney's fees, are denied.


DATE:          January 28, 2009

ENTER:         _____
               John P. Grady, United States District Judge